Paul L. Breed, OSB #83161
plb@plbreed.net
260 Thomas Mann Building
820 SW Second Avenue
Portland, Oregon 97204
Telephone: (503) 226-1403
Facsimile: (503) 273-9175

Attorney for Plaintiff

FILED'09 SEP 3 13:26USDC-ORP

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| ERNEST SZEREMI, | No. CV'09-6247- AA |
| Plaintiff, | |
| v. | COMPLAINT |
| ODELL LAKE RESORT, LLC and JOHN DITGEN, | (Unpaid Wages; Overtime; Minimum Wage; Retaliatory Discharge) |
| Defendants. | JURY DEMAND |

Plaintiff alleges:

1.

**Introduction**

This is an action by plaintiff Ernest Szeremi to recover from defendants Odell Lake

Resort, LLC and John Ditgen unpaid minimum wage and overtime compensation and other

Page 1 -   COMPLAINT

#28884

appropriate relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereafter referred to as "the FLSA." Plaintiff also brings claims against both defendants for violation of Oregon laws pertaining to the payment of minimum wages and overtime pursuant to ORS chapters 652 and 653.

## JURISDICTION

2.

Jurisdiction is conferred upon this court by 28 U.S.C. Section 1331 (federal question) and 29 U.S.C. § 216(b). Jurisdiction is also invoked pursuant to supplemental jurisdiction and 28 U.S.C. § 1367.

## PARTIES

3.

At relevant times, plaintiff Ernest Szeremi was employed by the defendants as a cook from approximately March, 2008, through January, 2009.

4.

Defendant Odell Lake Lodge, LLC Inc., is an active Oregon limited liability corporation, authorized to transact business under the laws of the State of Oregon, and operates the business known as as Odell Lake Lodge  It is subject to the provisions of the Fair Labor Standards Act, 29 USC § 201, *et seq*. At all material times, defendant Odell Lake Lodge, LLC is, and has been, an employer within the meaning of ORS 652.310(1) and ORS 653.010(4) and 29 USC § 203.

Page 2 -    COMPLAINT

5.

On information and belief, defendant John Ditgen was the President and majority shareholder of Odell Lake Lodge, LLC.  Defendant Ditgen has at all relevant times acted on behalf of Odell Lake Lodge, LLC in relation to its employees and is an employer within the meaning of 29 USC § 203 and analogous provisions of state law.

6.

Defendants have failed to keep accurate records of plaintiff's hours of work and plaintiff, therefore, calculates his unpaid wages by means of reasonable estimate.

## FIRST CLAIM FOR RELIEF

(Unpaid Overtime;  29 U.S.C. § 201 *et seq*)

7.

The defendants have violated the overtime provisions of the Fair Labor Standards Act, 29 USC § 207,  by failing to pay to plaintiff one and one-half his regular rate of pay for each hour worked in excess of forty during each working week.

8.

Each defendant is liable to plaintiff for back wages for unpaid overtime, liquidated damages in an equal amount, prejudgment interest at the treasury bill rate, and attorneys' fees and costs and disbursements pursuant to 29 USC § 216, all in an amount to be established during discovery and proved at trial which plaintiff estimates to be no less than $18,500.00.

## SECOND CLAIM FOR RELIEF

Page 3 -        COMPLAINT

(Unpaid Overtime; ORS 653.010 to 653.261)

9.

Plaintiff incorporates the allegations of paragraphs one through six as though set forth in full.

10.

Defendants have wilfully violated the overtime requirements of ORS 653.055 by employing plaintiff for work weeks longer than forty (40) hours without compensating him at a rate not less than one and one-half times his regular rate of pay.

11.

Each defendant is liable to plaintiff for back wages for unpaid overtime, prejudgement interest at the rate of 9%, a penalty for failure to pay overtime in an amount of 30 times his daily rate of pay pursuant to ORS 653.055, and his attorney fees and costs pursuant to the provisions of ORS 653.055 and ORS 652.200 all in an amount to be established during discovery and proved at trial which plaintiff estimates to be no less than $12,635.00.

**THIRD CLAIM FOR RELIEF**

**(Unpaid Oregon Minimum Wage; ORS 653.055)**

12.

Plaintiff incorporates the allegations of paragraphs one through six as though set forth in full.

13.

During one or more work weeks plaintiff's pay fell below the minimum rate of pay

Page 4 -    COMPLAINT

mandated by ORS 653.055: $7.95 per hour.

14.

Each defendant is liable to plaintiff for compensation equal to the difference between the minimum wage rate and the pay he actually received, a penalty in the amount of thirty times his daily rate of pay, interest on both sums at the rate of 9%, and for his attorney fees and costs pursuant to the provisions of ORS 653.055 and ORS 652.200 all in an amount to be established during discovery and proved at trial which plaintiff estimates to be no less than $3,800.00.

**FOURTH CLAIM FOR RELIEF**

(Retaliation; 29 U.S.C. § 215(a)(3))

15.

Plaintiff incorporates the allegations of paragraphs one through eleven as though set forth in full.

16.

Plaintiff informed defendants that he felt he was not receiving the wages and overtime pay that were required by his contract of employment and by state and federal law.

17.

In retaliation, defendants fired plaintiff.

18.

As a result of his firing, plaintiff has lost income from employment and has experienced emotional distress.   Defendants' actions showed a reckless or callous indifference to the plaintiff's federally protected rights.

Page 5 -        COMPLAINT

19.

As a result of his discharge the defendants are liable to plaintiff for back pay and front pay in an amount to be proved at trial which is not less than $50,000; damages for emotional distress in an amount to be proved at trial which is not less than $50,000; liquidated damages in an equal amount; punitive damages in an amount not less than $50,000, prejudgment interest at the treasury bill rate, and attorneys' fees and costs and disbursements pursuant to 29 USC § 216.

### FIFTH CLAIM FOR RELIEF

( Willful Violation of ORS 652.140, ORS 652.150)

20.

Plaintiffs incorporate the allegations of paragraphs one through six as though set forth in full.

21.

The defendants have willfully failed to pay plaintiff wages at the time of his termination from employment, or any time that they were due, for off-the-clock work which it knew or should have known was being performed by plaintiff.

22.

Plaintiff is entitled to back wages in an amount not less than $650.00, a penalty in the amount of thirty times his daily rate of pay: $3,350.00, prejudgment interest on both sums at the rate of 9%, and costs and attorney fees pursuant to ORS 652.200.

Page 6 -    COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the court enter judgment in his favor as follows:

1. On his first claim for an award of back wages for unpaid overtime, liquidated damages in an equal amount, prejudgment interest at the treasury bill rate, and attorneys' fees and costs and disbursements pursuant to 29 USC § 216, all in an amount to be established during discovery and proved at trial which is not less than $18,500.00.

2. On his second claim for an award for his unpaid overtime, a penalty for failure to pay overtime in an amount of 30 his daily rate of pay pursuant to ORS 653.055, prejudgement interest on unpaid wages and penalties at the rate of 9%, and his attorney fees and costs all in an amount to be established during discovery and proved at trial which is not less than $12,635.00.

3. On his third claim for an award for unpaid minimum wages, a penalty in an amount of 30 times his daily rate of pay pursuant, prejudgment interest at 9% on both, and for his attorney fees and costs all in an amount to be established during discovery and proved at trial which plaintiff estimates to be no less than $3,800.00.

4. On his fourth claim for an award for back pay and front pay, damages for emotional distress, liquidated damages in an equal amount, punitive damages, prejudgment interest and attorneys' fees and costs all in an amount to be proved at trial which is not less than $250,000.

54. On his fifth claim for an award for his unpaid wages and for a penalty of thirty day's pay, prejudgment interest, and attorney fees and costs all in amount to be proved at trial which is not less than $4,000.

Page 7 -    COMPLAINT

**Jury Demand**

Plaintiff demands a jury trial.

Thursday, September 3, 2009

_____
Paul L. Breed, OSB #83161
820 S.W. Second Ave., Suite 260
Portland, Oregon 97204
(503) 226-1403
plb@plbreed.net

Page 8 -     COMPLAINT